UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | 2:11-cr-372-JCM-VCF |
| RAYMOND TORRES, ) | |
| Defendant. ) | |

**ORDER**

Presently before the court is defendant Raymond Torres's petition for early termination of supervised release filed on September 30, 2013. (Doc. # 10). The government filed a response in opposition on October 9, 2013. (Doc. #12). The defendant filed a reply on October 11, 2013. (Doc. #13).

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a term of supervised release after one year has expired. The court considers the following factors, enumerated in 18 U.S.C. § 3553(a), when deciding whether early termination is appropriate:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed . . . to reflect the seriousness of the offense . . .;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

On November 14 1997, defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute a controlled substance. (Doc. #6). Defendant was sentenced to 235 months imprisonment, with five years of supervised release to follow. (Doc. #6). Defendant's term of supervised release commenced on September 27, 2011, and his case was transferred to this jurisdiction on October 18, 2011. (Doc. #2). On October 26, 2011, the court modified defendant's supervised release to include a warrantless search clause and to remove the requirement for substance abuse counseling. (Doc. #5).

In the instant petition, defendant moves to terminate his supervised release three years early. In support of the motion, defendant argues that he has been in complete compliance with all of the conditions of supervised release, has maintained stable employment, participates in programs targeting at-risk youth, and is devoted to becoming a productive member of society. Additionally, defendant argues his supervised release is detrimental to his ability to take short-term job opportunities to chauffeur and provide security service to high-profile individuals, which require travel out of the state on short notice.

The government opposes the early termination of supervised release. The government points out that in addition to the drug trafficking charges, defendant also possessed a gun during the commission of the offenses. The government argues that compliance with the terms of supervised release is expected and, without more, is insufficient to justify early termination. While the government commends defendant on his compliance and participation in certain programs while on supervised release, the government argues compliance alone does not warrant termination of defendant's supervised release, which is less that fifty percent complete.

The court agrees that compliance with the conditions of supervised release is expected and, alone, is not reason for early termination. However, the defendant has gone beyond mere compliance; he has maintained steady employment, is active in the community, and has dedicated himself to becoming a productive member of society. After consideration of the aforementioned 18 U.S.C. § 3553(a) factors, the court finds that early termination is warranted at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's petition for early termination of supervised release (doc. # 10) be, and the same hereby is, GRANTED.

DATED October 22, 2013.

_____
UNITED STATES DISTRICT JUDGE